AO 91 (Rev. 08/09)  Criminal Complaint

# UNITED STATES DISTRICT COURT
## for the
### Southern District of Florida

| | |
|---|---|
| United States of America<br>v.<br>KEVARIS LAMONT POLLOCK<br><br>Defendant(s) | )<br>)<br>)  Case No.  11-8106-JMH<br>)<br>)<br>) |

FILED by ___JM___ D.C.

APR - 7 2011

STEVEN M. LARIMORE
CLERK U.S. DIST. CT.
S.D. OF FLA. - W.P.B.

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

On or about the date(s) of __April 6, 2011__ in the county of __Palm Beach__ in the __Southern__ District of __Florida__, the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| 18 U.S.C. § 472 | The defendant knowingly and with the intent to defraud did pass, utter, publish and keep in his possession and conceal falsely made, forged and counterfeited obligations of the United States, that is, approximately nineteen (19) counterfeit $100.00 Federal Reserve Notes, in violation of Title 18, United States Code, Section 472. |

This criminal complaint is based on these facts:

☑ Continued on the attached sheet.

_____
Complainant's signature

Carolina Varon, Special Agent, U.S. Secret Service
Printed name and title

Sworn to before me and signed in my presence.

Date: __04/07/2011__

_____
Judge's signature

City and state: __West Palm Beach, Florida__   James M. Hopkins, United States Magistrate Judge
Printed name and title

# AFFIDAVIT IN SUPPORT OF ARREST
## Case No. 11-8106-JMH

I, Carolina Varon, being duly sworn, hereby depose and state as follows:

1. I am a Special Agent with the United States Secret Service (USSS) and have been so employed since August 2010. Prior to that, I served approximately 2 years as a Detective with the Florida Department of Financial Services. Routine duties of my current employment include the investigation of violations of federal and state laws pertaining to counterfeit currency and other criminal matters.

2. I submit this affidavit based upon information known to me personally from my investigation, from other law enforcement agents, and from information reported by witnesses with personal knowledge of the facts herein. I am familiar with all the facts and circumstance surrounding this investigation. Because this affidavit is being submitted for the limited purpose of establishing probable cause for an arrest, I have not set forth herein all of the facts known to me regarding this case.

3. In conjunction with my official duties, I conducted an investigation into allegations of possessing and passing counterfeit United States currency by an individual identified as Kevaris Lamont POLLOCK. This investigation began on April 6, 2011, when the West Palm Beach Resident Office (WBPRO) of the U.S. Secret Service was contacted by the Palm Beach Gardens Police Department, regarding an individual, later identified as POLLOCK, who had attempted to pass a one hundred ($100) counterfeit Federal Reserve Note (FRN) at a Shell gas station located in Palm Beach Gardens, Florida. A cashier at that gas station reported that POLLOCK had provided him with what appeared to be a counterfeit $100 FRN as payment for $30 worth of gasoline. Suspicious of the bill, the cashier had checked it with

a counterfeit detection pen, but the bill passed. The cashier then checked the bill using a commercial counterfeit identification machine, and the bill failed. When the cashier advised POLLOCK that the bill was counterfeit, POLLOCK asked for the counterfeit bill back, however the cashier refused. POLLOCK then offered to pay with $30 dollars in exact change. The cashier declined payment and notified the Palm Beach Gardens Police Department (PBGPD).

4. The Palm Beach Gardens Police Department responded to the Shell Gas station within minutes. There, they located and identified POLLACK standing next to his vehicle. POLLOCK was the only occupant of the vehicle, which was registered to his wife. Officers questioned him regarding the counterfeit transaction and also inquired whether he was in possession of any contraband. At that time, POLLOCK admitted that he had marijuana inside the vehicle. Officers subsequently recovered a small quantity of a substance which field-tested positive for marijuana inside the driver's door compartment. POLLOCK was then placed under arrest for possession of marijuana. A search of POLLOCK's pockets incident to that arrest revealed that he was in possession of $422.00 genuine currency in denominations of $20's, $10's, $5's, & $1's. These bills were found in POLLOCK's left front pocket. A search of POLLOCK's vehicle incident to arrest revealed thirteen (13) counterfeit $100 FRNs inside the center console.

5. Also located within the driver's compartment were four receipts and what appeared to be newly-purchased merchandise from several local stores. All of the receipts were dated April 6, 2011. Two of the receipts indicated purchases totaling $346.61 at a Macy's department store in Palm Beach Gardens, FL. According to the receipts, the times of these transactions

were 11:11 a.m. and 11:21 a.m. Another receipt indicated a purchase totaling $217.25 at a Target store in Boynton Beach, FL at 9:29 am. The last receipt indicated a purchase totaling $109.98 at another Target store in West Palm Beach, FL at 10:16 a.m. All of the receipts indicated that the purchaser had paid cash and received change back. According to the receipts, the total amount of change received back from all the stores combined was $326.16.

6. Officers with the PBGPD went to the Macy's department store at the address listed on the receipts found in POLLOCK's vehicle. There, they met with loss prevention personnel and learned that the store had received a total of (five) 5 counterfeit $100 FRNs earlier that day. The counterfeit bills recovered from Macy's were similar in appearance to those seized from POLLOCK's vehicle. Some of the bills seized from Macy's had the same serial number as bills in POLLOCK's possession. Officers also reviewed and recovered Macy's security camera footage, which depicted POLLOCK purchasing the merchandise recovered inside his vehicle. The two cashiers who had encountered POLLOCK that day were interviewed. Both were suspicious of the money, and notified management.

7. At the arrest scene, POLLOCK waived his <u>Miranda</u> rights in writing and agreed to be interviewed. POLLOCK initially denied knowing that the money was counterfeit, and claimed that he had received the bills as payment from a third party to whom he had sold an X-BOX video game system. When confronted with inconsistencies in his account, POLLOCK recanted, and ultimately admitted that he knowingly possessed and uttered counterfeit U.S. currency. POLLOCK stated that the source of the counterfeit currency was a Haitian male located in Miami, Florida. POLLOCK said that he received $2,000 in counterfeit $100 FRNs from this source. POLLOCK claimed that he intended to use the

counterfeit currency to make purchases, and then split the genuine currency received as change with the source of the counterfeit. POLLOCK admitted to making purchases at Macy's and several Target stores using the counterfeit $100 FRNs.

8. I inspected each of the $100 counterfeit FRNs recovered in connection with this investigation. Upon inspection, it was apparent that several of the bills had matching serial numbers. I also observed glitter on each of the bills, which is a common technique used to imitate the color shifting ink used as a security feature of genuine $100 FRNs. Other security features were lacking too, such as micro-printing. Based on my training and experience, I determined that the $100 FRNs totaling $1,900 which were recovered from POLLOCK and from the stores were all counterfeit.

9. Based upon the foregoing, your affiant maintains that probable cause exists to believe that on or about April 6, 2011, the defendant, Kevaris Lamont POLLOCK, knowingly and with intent to defraud did pass, utter, publish and keep in his possession and conceal falsely made, forged and counterfeited obligations of the United States, namely, counterfeit $100 Federal Reserve Notes, in violation of Title 18, United States Code, Section 472.

Further your affiant sayeth naught.

_____
CAROLINA VARON
Special Agent, U.S. Secret Service

Subscribed and sworn to before me
this __7__ day of April 2011.

_____
JAMES M. HOPKINS
UNITED STATES MAGISTRATE JUDGE

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No.: 11-8106-JMH

UNITED STATES OF AMERICA

vs.

KEVARIS LAMONT POLLOCK,

**Defendant.**
_____ /

## CRIMINAL COVER SHEET

1. Did this matter originate from a matter pending in the Northern Region of the United States Attorney's Office prior to October 14, 2003?  _____ Yes __X__ No

2. Did this matter originate from a matter pending in the Central Region of the United States Attorney's Office prior to September 1, 2007?  _____ Yes __X__ No

Respectfully submitted,

WIFREDO A. FERRER
UNITED STATES ATTORNEY

BY: _____
Kimberly Abel
Assistant United States Attorney
Florida Bar No. 0134015
500 S. Australian Avenue, Suite 400
West Palm Beach, FL 33401
TEL: (561) 820-8711
FAX: (561) 805-9846